IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PALAXAR HOLDINGS, L.L.C., a Virginia Limited Liability Company, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 3:13-cv-641 |
| | ) A TRIAL BY JURY IS |
| SHANE WILLIAMS, et al. | ) DEMANDED |
| | ) |
| Defendants. | ) |

**<u>PALAXAR HOLDINGS, L.L.C & PALAXAR GROUP, L.L.C. MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE OR IN THE ALTERNATIVE OPPOSITION TO FRANK AMODEO'S MOTION TO APPOINT A GUARDIAN AD LITEM OR PROCHIEM AMI TO REPRESENT FRANK L. AMODEO AS SUCCESSOR-IN-INTEREST TO AQMI STRATEGY CORPORATION</u>**

COME NOW the Plaintiffs, Palaxar Holdings, LLC and Palaxar Group, LLC (hereinafter collectively "Palaxar") by counsel, and file the following *Motion to Strike* or in the alternative, Motion and Memorandum in Opposition to Frank Amodeo's[1] ("Mr. Amodeo") *Motion to Appoint a Guardian Ad Litem or Prochiem Ami to Represent Frank L. Amodeo as Successor-in-interest to AQMI Strategy Corporation.* [ECF 144].

**I. PROCEDURAL HISTORY**

1. AQMI Strategy Corporation ("AQMI") and Nexia Strategy Corporation ("Nexia") were forfeited to the United States as a result of Mr. Amodeo's criminal plea agreement wherein he

---

[1] Mr. Amodeo has filed multiple motions for appointment of a Guardian ad litem or notices of "legal infirmity" over the past 5 years in various proceedings, all have been denied. While not a full list of such requests: see *In re AEM*, Case No.6:08-bk-04328, ECF 172; *In re Mirabilis Ventures, Inc.*, Case No.6:08-bk-04327, ECF 379 and 678; *United States v. Frank Amodeo*, Case No. 6:08-cr-00176-Orl-GJK, ECF 172; *Mirabilis Ventures, Inc., et al., v Palaxar, et al.*, Case No: 06:2007-cv-01788, ECF 165. On September 13, 2013, Licensed Psychologist, Darlene B. Antonio, PhD evaluated Mr. Amodeo "has discontinued his psychiatric medications against medical advice." See *Frank Amodeo v. United States*, Case No. 6:12-cv-00641, ECF 85-1, p 7.

admitted to *inter alia*, diverting over $180M in payroll trust fund taxes rightfully due the Internal Revenue Service. *See United States v. Frank L. Amodeo*, Case No. 6:08-cr-176-Orl-GJK ECF 38 – Plea Agreement, September 22, 2008[2] and ECF 177 – Final Order of Forfeiture, November 18, 2009. The Final Order of Forfeiture was uncontested.

2. On November 1, 2013, United States Attorney General Eric H. Holder, Jr., and on January 14, 2014, Acting United States Attorney for the Eastern District of Virginia Dana J. Boente, through G. Wingate Grant, Assistant United States Attorney were properly served with a copy of the Complaint in the matter currently before this Court.

3. On February 4, 2014, on behalf of Nexia and AQMI, the United States notified the Court that its interest in these shell corporations was "akin to that of shareholder" and as such, the Government would not be defending these shell corporations in this litigation, would not file an answer or other response. [ECF 46].

4. On March 19, 2014, this Court entered an Order of Default as to AQMI and Nexia [ECF 138], and the Entry of Default was entered that same day. [ECF 139].

5. The time to for any party with standing to appeal that order has expired.

## II. DISCUSSION

Corporate Defendants AQMI and Nexia were properly served and have defaulted. The time to reply has long since expired. Mr. Amodeo is not a party to this proceeding, and lacks standing to ask for the relief requested; to wit, appoint a guardian ad litem and/or allow him to appear in any capacity in this matter.

Upon information and belief, Mr. Amodeo is not licensed to practice law in any jurisdiction in the United States. A corporation may not appear *pro se. See, e.g., Rowland v. Cal.*

---

[2] The plea agreement may be found as part of Plaintiffs' Complaint [ECF 1, Exhibit 5, p 13.]

*Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel."); *Barr v. Prince George's Cnty., Md.,* 115 Fed.Appx. 609, 610 (4th Cir. 2004) (noting that a corporation may not proceed *pro se*); *Dove Air, Inc. v. Joda, LLC,* 1:10CV293, 2011 WL 4712316 (W.D.N.C. Oct. 6, 2011) (noting that because a corporation cannot appear *pro se,* it is appropriate to dismiss the action as to that corporate party); *Tweedy v. RCAM Title Loans, LLC,* 611 F.Supp.2d 603, 605 (W.D.Va.2009) (noting that "because a corporate entity cannot proceed *pro se* ... the clerk did not acknowledge [a response letter] as an answer and properly entered ... default.").

WHEREFORE, the Plaintiffs, Palaxar Holdings, LLC and Palaxar Group, LLC respectfully pray that the Court strike Mr. Amodeo's *Motion* or in the alternative, deny his request to have a guardian ad litem appointed for the reasons stated above and grant such other, and that such other and further and general relief as the nature of the case may require and to equity may seem meet.

PALAXAR GROUP, LLC
PALAXAR HOLDINGS, LLC

_____/S/_____
Richard J. Knapp, Esq. VSB No. 15834
Richard J. Knapp, P.C.
2800 Patterson Avenue, Suite 101
Richmond, VA 23221
804-377-8848 - Phone
804-377-8851 - Fax
Richard@RKnappesq.com

Darren Marshall Hart, Esq. VSB No. 36794
9025 Forrest Hill Avenue, 1st Floor Richmond, VA 23221
804-673-9339 - Phone
804-673-9969 - Fax
Info@Richmond-Law.com

**CERTIFICATE OF SERVICE**

      On April 29, 2014, a copy of the foregoing pleading was served using the Court's CM/ECF system, with electronic notification of such filing to the following counsel of record:

Michael W. Smith
msmith@cblaw.com
David Brendan Lacy
dlacy@cblaw.com
Christian & Barton LLP
909 E. Main Street, Suite 1200
Richmond, VA 23219
Counsel for the Balch Defendants

Michael E. Lacy
michael.lacy@troutmansanders.com
Massie P. Cooper
massie.cooper@troutmansanders.com
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23218-1122
Counsel for Latham Shuker, Eden & Beaudine, LLP, and Scott Shuker

Robert Thomas Hicks
robert.hicks@hklaw.com
Holland & Knight LLP
1600 Tysons Blvd.
Suite 700
McLean, VA 22102
Counsel for Robert W. Cuthill, Jr.
John Ryan Owen
jowen@hccw.com
Julie Smith Palmer
jpalmer@hccw.com
Harman Claytor Corrigan & Wellman
4951 Lake Brook Dr., Suite 100
Glen Allen, VA 23059

Isaac Jaime Mitrani
imitrani@mitrani.com
Loren Harley Cohen
Mitrani Rynor Adamsky & Toland PA
301 Arthur Godfrey Road
Penthouse
Miami Beach, FL 33140
Counsel for the Broad Defendants

Dennis Joseph Whelan, III
djw@djwlegal.com
Dennis J. Whelan, PC
2222 Monument Avenue
Richmond, VA 23220
Counsel for the Maher Defendants and Harrison T. Slaughter, Jr., Esq.

Robert M. Tyler
rtyler@spottsfain.com
Patricia Bugg Turner
pturner@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, VA 23218
Counsel for Robert O'Malley

NEXIA Strategy Corporation
Wingate.grant@doj.gov
c/o G. Wingate Grant, Asst. U.S. Attorney
600 East Main Street, Suite 1800
Richmond, VA 32801

AQMI Strategy Corporation
Wingate.grant@doj.gov
c/o G. Wingate Grant, Asst. U.S. Attorney
600 East Main Street, Suite 1800
Richmond, VA 32801

In addition, on April 29, 2014, copies of the foregoing will be sent via U.S. Mail, postage prepaid, to the following non-ECF Defendants.

Frank L. Amodeo
48883-018
B-3
FCC-Low
P.O. Box 1031
Coleman, FL 33521-1031

Shane Williams
1562 Hanks Avenue
Orlando, FL 32814-6704

Jodi Donaldson Jaiman
533 Tuten Trail
Orlando, FL 32828-8364

Jay Stollenwerk
5009 Pelleport Avenue
Belle Isle, FL 32812-1124

Scott M. Goldberg
7773 Sugar Bend Drive
Orlando, FL 32819-7278

_____/S_____

Richard J. Knapp, Esq. VSB No. 15384